STATE of Missouri,
Plaintiff–Respondent,

v.

Joann HOLMAN, Defendant–Appellant.

No. 53358.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 8, 1988.

Peggy T. Harris, St. Louis, for defendant-appellant.

Willliam L. Webster, Atty. Gen., Carrie D. Francke, Sp. Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from her convictions of assault first degree and armed criminal action and the resulting concurrent ten year terms of imprisonment imposed on each count. We reverse and remand.

The only issue we need address is defendant's contention that the prosecution utilized its peremptory challenges in a racially discriminatory fashion contrary to *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Both defendant and the victim, a male, were black. There were 28 qualified venirepersons prior to exercise of the state's peremptory challenges. Five of that number were black, four of them female. The state challenged all five and additionally one white female. The final jury was all white with seven females and one female alternate. In responding to defendant's *Batson* challenge at trial the prosecutor gave the following explanations for two of his challenges:

"MR. SMITH: Cynthia Johnson is black. And really, she has a good work history and she is pretty upstanding. I was undecided on that. Principally, she is a woman and she is black. Being that she is black was one of my reasons, but not the only. That's alone not objectionable. One, because she is a woman—that's principally it. She kept her arms folded when I talked, but also when Miss Hardge talked, which means I don't know whether she wasn't receptive or non-verbal communication is supposed to mean somebody is not receptive to what you are saying. But she was not receptive to either side. But principally because she is a woman, and, secondly, because she is black.

THE COURT: All right. The next one is 18.

MR. SMITH: Again principally because she is a woman; secondly, because she is black. No real articulable reasons. She has a fairly responsible job."

The reasons given by the prosecutor established that his peremptory challenges were based upon the race of the venirepersons, a race shared with the defendant. It would be difficult to conceive of a case more clearly demonstrating the applicability of *Batson.* The explanations given create a situation which the Supreme Court in *State v. Antwine,* 743 S.W.2d 51 (Mo. banc 1987) [14] contemplated would never occur:

"One doubts that a prosecutor will admit that his decision to challenge a particular member of the venire was based upon race."

Judgment reversed and cause remanded for new trial.

STEPHEN and SATZ, JJ., concur.